Received Service:
Date 1/7/08 Time 3:58p
CE

Douglas N. Samuels,

                                     Plaintiff,

    v.

THE STATE OF OREGON, by and through THE OREGON STATE BOARD OF
HIGHER EDUCATION, by and through PORTLAND STATE UNIVERSITY; and
ROY W. KOCH,

                                       Defendant.

No. 0712-14381

**SUMMONS**

To:    Hardy Meyers, Attorney General
        Oregon Department of Justice
        1162 Court Street NE
        Salem, OR 97301-4096

    You are hereby required to appear and defend the complaint filed against you in the above entitled action
within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for
want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must
file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be
given to the court clerk or administrator within 30 days along with the required filing fee. It must
be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not
have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in
finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at
(503) 684-3763 or toll-free in Oregon at (800) 452-7636.

SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

Glen McClendon,  OSB # 73346
ATTORNEY/AUTHOR'S NAME (TYPED OR PRINTED) BAR NO. (IF ANY)

TRIAL ATTORNEY IF OTHER THAN ABOVE(TYPED OR PRINTED) BAR NO.

STATE OF OREGON       )
                        ) ss.
County of Multnomah    )

    I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

ATTORNEY OF RECORD FOR PLAINTIFF(S)

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons,
together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is
directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

ATTORNEY(S) FOR PLAINTIFF(S)

Glen McClendon
Lindsay, Hart, Neil & Weigler, LLP
1300 SW Fifth Avenue, Suite 3400
Portland, Oregon 97201
Telephone: (503) 226-7677

PAGE 2 - SUMMONS

Exhibit A, Page 1 of 29
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

## PROOF OF SERVICE

STATE OF _____)
                   ) ss.
County of _____)

     *I hereby certify that I made service of the foregoing summons upon the individuals and other legal entities to be served, named below, by delivering or leaving true copies of said summons and the complaint mentioned therein, certified to be such by the attorney for the plaintiff, as follows:*

*Personal Service Upon Individual(s)*

Upon _____, *by delivering such true copy to him/her, personally and in person, at* _____, *on* _____, *2008, at* ____ *o'clock* __.M.

Upon _____, *by delivering such true copy to him/her, personally and in person, at* _____, *on* _____, *2008, at* ____ *o'clock* __.M.

*Substituted Service Upon Individual(s)*

Upon _____, *by delivering such true copy at his/her dwelling house or usual place of abode, to-wit:* _____, *to*
_____, *who is a person over the age of 14 years and a member of the household of the person served on* _____, *2008, at* _____ *o'clock* __.M.

Upon _____, *by delivering such true copy at his/her dwelling house or usual place of abode, to-wit:* _____, *to*
_____, *who is a person over the age of 14 years and a member of the household of the person served on* _____, *2008, at* _____ *o'clock* __.M.

*Office Service Upon Individual(s)***

Upon _____, *at the office which he/she maintains for the conduct of business at* _____, *by*
leaving such true copy with _____, *the person who is apparently in charge, on* _____, *2008, during normal working hours, at to-wit:* ____ *o'clock* __.M.

*Service on Corporations, Limited Partnerships or Unincorporated Associations Subject to Suit Under a Common Name*

Upon _____, *by (a) delivering such true copy, personally and in person, to* _____
     (NAME OF CORPORATION, LIMITED PARTNERSHIP, ETC.)

_____, *who is a/the* *_____ *thereof; OR (b) leaving such true copy with* _____, *the person who is apparently in charge of the office of*
_____, *who is a/the* *_____ *thereof; at* _____, *on* _____, *2008, at* _____ *o'clock* __.M.

*Specify registered agent, officer (by title), director, general partner, managing agent.

DATED _____, 2008.

        *I further certify that I am a competent person 18 years of age or older and a resident of the state of service or the State of Oregon, and that I am not a party to nor an officer, director, or employee of, nor attorney for any party, corporate or otherwise; that the person, firm or corporation served by me is the identical person, firm or corporation named in the action.*

_____
         SHERIFF

*DATED* _____

_____
         DEPUTY

_____
         *SIGNATURE*

_____
         *TYPE OR PRINT NAME*

_____
         *ADDRESS*

_____

Phone_____

*The signature lines on the left should be used only by an Oregon county sheriff or deputy; all other servers complete certificate on the right. The Proof of Service above contains most, but not all, of the methods of service. For example, this form does not include proof of service on a minor or incompetent person. See ORCP 7D(2) and 7D(3) for complete service methods on particular parties.
**Where substituted or office service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed a true copy of the summons and complaint to the defendant at the defendant's dwelling house or usual place of above, together with a statement of the time, date and place at which such service was made. Use S-N Form No. 1149 or equivalent.*

Exhibit A, Page 2 of 29
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

TRUE COPY

DEC - 5 2007

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| DOUGLAS N. SAMUELS, | Case No. **0712-14381** |
| Plaintiff, | |
| v. | **COMPLAINT**<br>(Race Discrimination; Wrongful Discharge) |
| THE STATE OF OREGON, by and through<br>THE OREGON STATE BOARD OF HIGHER<br>EDUCATION, by and through PORTLAND<br>STATE UNIVERSITY; and ROY W. KOCH, | NOT SUBJECT TO MANDATORY<br>ARBITRATION |
| Defendants. | |

### NATURE OF THE ACTION

1.      This is an action under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, to correct unlawful employment practices, to vindicate plaintiff's rights and the rights of other employees to work in environments free from racial discrimination, and to make plaintiff whole.

2.      Plaintiff's complaint includes causes of action under Oregon state discrimination law, ORS 659A.030, and for common law wrongful discharge.

### PARTIES

3.      Plaintiff Douglas Samuels is an individual residing in Clark County, Washington. He is African-American.

4.      Defendant Portland State University (hereinafter, "PSU") is a state higher educational institution. Its principal place of business is Portland, Oregon. At all material times, defendant employed more than 500 employees.

Page 1 - **COMPLAINT**

LINDSAY, HART, NEIL & WEIGLER, LLP
1300 SW FIFTH AVENUE, SUITE 3400
PORTLAND, OREGON 97201-5640
PHONE: 503-226-7677 FAX: 503-226-7697

Exhibit A, Page 3 of 29
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

1    5.    At all times material herein, defendant State of Oregon, by and through the State

2    Board of Higher Education, operated and controlled an institution of higher education known as

3    Portland State University (hereinafter, "State of Oregon" is referred to as "defendant PSU").

4    6.    Roy W. Koch was and is the Provost and Vice President of Academic Affairs at

5    Portland State University.

6                                **ADMINISTRATIVE EXHAUSTION**

7    7.    Plaintiff filed an administrative complaint with the Oregon Bureau of Labor and

8    Industries, Civil Rights Division, which was transferred to the Equal Employment Opportunities

9    Commission, ("EEOC") in which he alleged racial discrimination.

10    8.    Plaintiff has timely satisfied all administrative prerequisites to the filing of the

11    statutory claims contained in this complaint.

12    9.    This complaint was filed before the expiration of 90 days after issuance of a Notice

13    Right to Sue letter by the appropriate administrative agency.

14                                **GENERAL ALLEGATIONS**

15    10.    Plaintiff was offered a position as Vice Provost for Student Affairs at PSU on July

16    16, 2001, which was effective September 1, 2001.

17    11.    Plaintiff began working for defendant PSU on September 10, 2001.

18    12.    On October 8, 2005, defendant PSU terminated plaintiff's appointment as Vice

19    Provost for Student Affairs, by Roy W. Koch, Provost.

20    13.    Defendant offered plaintiff a lower paying position as a non-tenured associate

21    professor in the Black Studies department. Plaintiff accepted this position.

22    14.    Plaintiff was subjected to different terms and conditions of employment unlike white

23    employees.

24    15.    Plaintiff was discriminated against because of his race in retention and promotion.

25    16.    Plaintiff was subjected to unfair treatment regarding pay equity and faculty

26    appointment because of his race.

Page 2 - **COMPLAINT**

LINDSAY, HART, NEIL & WEIGLER, LLP
1300 SW FIFTH AVENUE, SUITE 3400
PORTLAND, OREGON 97201-5640
PHONE: 503-226-7677 FAX: 503-226-7697

Exhibit A, Page 4 of 29
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

1    17.    Plaintiff was subjected to internal investigation, and information was disseminated
2    regarding him in a fashion that was not done with similarly situated senior white employees.

3    18.    Defendant PSU historically presented an unwelcoming and discriminatory
4    environment as it relates to African-American faculty and staff who were and are woefully
5    unrepresented and underrepresented in positions of authority at Portland State University beneath
6    the President. Treatment of plaintiff was part of a pattern and practice of discrimination against
7    African-Americans at Portland State University.

8    19.    Prior to filing this complaint, defendant PSU had actual notice of the claims as
9    provided by ORS 30.275.

10    20.    As a result of defendant PSU's unlawful conduct, plaintiff has suffered economic
11    and non-economic damages, including emotional distress, depression, loss of self-esteem, loss of
12    enjoyment of life, and impairment of his earning capacity. These damages are continuing. Plaintiff
13    is entitled to recover payment of these damages in the amount of $500,000.

14    21.    As a further result of defendant PSU's actions, plaintiff is entitled to declaratory
15    judgment that defendant discriminated against him on the basis of his race and prospective relief
16    including, but not limited to, reinstatement.

17                          **STATEMENT OF CLAIMS**

18                               CLAIM ONE

19                    (42 U.S.C. § 1981 – Race Discrimination)

20    22.    Plaintiff re-alleges paragraphs 1 through 23.

21    23.    Plaintiff was employed by defendant PSU as Vice Provost for Student Affairs from
22    September 1, 2001 until October 8, 2005 when he was terminated from his position by Roy Koch,
23    Provost.

24    24.    Prior to his termination, plaintiff complained of discrimination, including race
25    discrimination, against defendant PSU.

26

Page 3 - **COMPLAINT**

LINDSAY, HART, NEIL & WEIGLER, LLP
1300 SW FIFTH AVENUE, SUITE 3400
PORTLAND, OREGON 97201-5640
PHONE: 503-226-7677 FAX: 503-226-7697

Exhibit A, Page 5 of 29
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

1       25.    Defendant PSU's actions toward plaintiff constituted discrimination on the basis of

2 race in the terms and conditions of plaintiff's employment in violation of 42 U.S.C. § 1981.

3       26.    Defendant PSU's termination of plaintiff's employment was due in substantial part

4 to plaintiff's race in violation of 42 U.S.C. § 1981.

5       27.    As a result of defendant PSU's conduct, plaintiff suffered lost wages and benefits of

6 employment.

7       28.    Reinstatement of plaintiff is feasible and plaintiff seeks his reinstatement as Vice

8 Provost of Student Affairs at Portland State University.

9       29.    Plaintiff is entitled to an award of attorney's fees, expert witness fees and costs

10 incurred herein, pursuant to one or more of the following: 42 U.S.C. § 1988.

11 <center>CLAIM TWO</center>

12 <center>(42 U.S.C. § 2000 e – Race Discrimination)</center>

13       30.    Plaintiff re-alleges paragraphs 1 through 31.

14       31.    Defendant PSU subjected plaintiff to discriminatory treatment on the basis of race

15 and terminated plaintiff's employment a Vice Provost in violation of Title VII of the Civil Rights

16 Act of 1964 and the Civil Rights Act of 1991, and plaintiff is entitled to all appropriate remedies.

17       32.    42 U.S.C. § 2000e-2(a) provides: "it shall be an unlawful employment practice for

18 an employers" to discharge an individual "or otherwise to discriminate against any individual with

19 respect to his compensation, terms, conditions, or privileges of employment because of such

20 individual's race, color, religion, sex, or national origin ..."

21       33.    During the course of plaintiff's employment with defendant PSU, plaintiff suffered

22 from discrimination based on his race. Incidents of racial discrimination, committed by defendant

23 PSU, resulted in plaintiff being denied his position and adversely affected plaintiff's terms,

24 conditions, and privileges of his employment in violation of 42 U.S.C. § 2000e-2(a).

25       34.    As a result of defendant PSU's racial discrimination directed against plaintiff, he has

26 suffered economic damages in the form of lost wages, in an amount to be determined at trial, and

LINDSAY, HART, NEIL & WEIGLER, LLP
1300 SW FIFTH AVENUE, SUITE 3400
PORTLAND, OREGON 97201-5640
PHONE: 503-226-7677 FAX: 503-226-7697

Exhibit A, Page 6 of 29
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

1    non-economic damages, in the form of pain and suffering, in the amount of $500,000. Plaintiff

2    seeks recovery of all compensatory and punitive damages provided by law, in addition to reasonable

3    attorney's fees and costs pursuant to 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1988.

4                         CLAIM THREE

5               (Violation of ORS 659A.030 – Race Discrimination)

6       35.    Plaintiff re-alleges paragraphs 1 through 36.

7        36.      According to ORS 659A.030(b), it is an unlawful employment practice "for an

8    employer, because of an individual's race, religion, color, sex, national origin, marital status or age

9    if the individual is 18 years of age or older … to discriminate against such an individual in

10    compensation or in terms, conditions, or privileges of employment." Discrimination committed by

11    defendant, as alleged above, affected plaintiff's employment opportunities, compensation,

12    privileges, terms and conditions of his employment and is a direct violation of this statute.

13        37.      Plaintiff suffered from discrimination based on his race. Defendant PSU's

14    employees' discriminatory employment actions negatively affected plaintiff's compensation, terms,

15    privileges and conditions of employment in violation of ORS 659A.030(b). As a result of defendant

16    PSU's racial discrimination, plaintiff seeks his reinstatement of his position as Vice Provost of

17    Student Affairs at Portland State University, back pay, and all other damages provided by ORS

18    659A. 885.

19                         CLAIM FOUR

20                    (Wrongful Discharge)

21       38.    Plaintiff re-alleges paragraphs 1 through 39.

22       39.      Plaintiff's actions constituted resistance and opposition to defendant PSU's violation

23    of plaintiff's rights to be free from discrimination on the basis of race and his right to the payment of

24    appropriate compensation and employment, all constituting important statutory employment rights,

25    related to plaintiff's role as an employee.

26

Page 5 - **COMPLAINT**

LINDSAY, HART, NEIL & WEIGLER, LLP
1300 SW FIFTH AVENUE, SUITE 3400
PORTLAND, OREGON 97201-5640
PHONE: 503-226-7677 FAX: 503-226-7697

Exhibit A, Page 7 of 29
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

1          40.     A substantial motivating cause of defendant PSU's termination of plaintiff was his

2    pursuit of rights of important societal interest indicated by constitutional and statutory provisions

3    and case law, related to his role as an employee.

4          41.     Plaintiff seeks economic, non-economic damages, and his reinstatement of his

5    position as Vice Provost of Student Affairs at Portland State University.

6                                      CLAIM FIVE

7                                    (42 U.S.C. § 1983)

8          42.     Plaintiff re-alleges paragraphs 1 through 43.

9          43.     Defendant PSU violated plaintiff's right to equal protection as guaranteed by the

10   Fourteenth Amendment to the Constitution of the United States by discriminating against him in the

11   terms, condition and privileges of his employment, including terminating his employment as a Vice

12   Provost in substantial part because of his race.

13         44.     As a result of defendant PSU's Constitutional violations, plaintiff is entitled to the

14   remedies and relief provided by 42 U.S.C. § 1983. This includes damages for lost wages and

15   benefits, front pay in an amount to be determined at trial, and further, plaintiff is entitled to non-

16   economic damages for emotional distress and impairment of his earning capacity.

17         45.     Reinstatement of plaintiff is feasible and plaintiff seeks his reinstatement as Vice

18   Provost of Student Affairs at Portland State University.

19         46.     Plaintiff is entitled to declaratory judgment that defendant PSU violated his

20   Constitutional rights to equal protection.

21         47.     As a further result of defendant PSU's actions, plaintiff is entitled to recover his

22   reasonable attorney's fees and costs incurred herein.

23   ///

24   ///

25   ///

26   ///

Page 6 - COMPLAINT

LINDSAY, HART, NEIL & WEIGLER, LLP
1300 SW FIFTH AVENUE, SUITE 3400
PORTLAND, OREGON 97201-5640
PHONE: 503-226-7677 FAX: 503-226-7697

Exhibit A, Page 8 of 29
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

1

2       WHEREFORE, plaintiff requests the court to:

3       1.      Declare defendants in violation of the statutory provisions under which plaintiff

4   brings his action and grant a permanent injunction enjoining defendant PSU from engaging in any

5   discriminatory employment practice, on such terms as the court may direct.

6       2.      Order defendants to make plaintiff whole by compensating him for past and future

7   lost earnings and benefits of employment, lost earning capacity, and his reinstatement of his position

8   as Vice Provost of Student Affairs at Portland State University

9       3.      Order defendants to pay plaintiff an award of compensatory damages for non-

10  pecuniary losses, including physical and emotional injury, pain and suffering, mental anguish,

11  humiliation, and embarrassment, and loss of enjoyment of life as available on each of plaintiff's

12  claims for relief.

13      4.      Order defendants to pay plaintiff liquidated damages and punitive damages as

14  available on each of plaintiff's claims for relief.

15      5.      Award plaintiff his costs of suit and his reasonable attorney's fees, costs and expert

16  witness fees pursuant to 42 U.S.C. § 1988; 42 U.S.C. § 20003-5(k); ORS 659A.885; and ORS

17  20.107 as available on each of plaintiff's claims for relief.

18      6.      Order defendants to pay prejudgment and post-judgment interest, as appropriate, on

19  all amounts due to plaintiff as a result of this action.

20      7.      Order such further or alternative relief in favor of plaintiff as the court deems

21  appropriate.

22  ///

23  ///

24  ///

25  ///

26

LINDSAY, HART, NEIL & WEIGLER, LLP
1300 SW FIFTH AVENUE, SUITE 3400
PORTLAND, OREGON 97201-5640
PHONE: 503-226-7677 FAX: 503-226-7697

Exhibit A, Page 9 of 29
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

1

# JURY TRIAL DEMAND

2          Plaintiff demands a jury trial.

3
        Dated this _____ day of December, 2007.
4

5

6                          LINDSAY, HART, NEIL & WEIGLER, LLP

7
                        By:_____
8                            Glen McClendon, OSB No. 733460
                             gmcclendon@lindsayhart.com
9                            Edward T. Tylicki, OSB No. 974161
                             etylicki@lindsayhart.com
10
                          Attorneys for Plaintiff Douglas N. Samuels
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 8 - COMPLAINT

LINDSAY, HART, NEIL & WEIGLER, LLP
1300 SW FIFTH AVENUE, SUITE 3400
PORTLAND, OREGON 97201-5640
PHONE: 503-226-7677 FAX: 503-226-7697

Exhibit A, Page 10 of 29
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

Multnomah Circuit Court

Multnomah County Circuit Court
P.O. Box 114
Portland, OR 97207

Receipt # 004900965    12/05/07    3:56    CHKO    LER    MULWB17

Case #   071214381    Samuels Douglas N/Oregon State Of

Civil Filing-Suit Ptf              189.00


AMOUNT TENDERED              189.00
AMOUNT APPLIED              189.00    BALANCE DUE                    0.00
CHANGE                        0.00
PAYOR SAMUELS DOUGLAS N                          Receipt # 004900965

Exhibit A, Page 11 of 29
Robinson v Multnomah Co. et al, USDC No
Notice of Removal to USDC

### IN THE CIRCUIT COURT OF THE STATE OF OREGON
#### For the County of Multnomah

Douglas N. Samuels,                    )
                              Plaintiff,  )
                                      )  No. 0712-14381

    v.                                   )

~~THE STATE OF OREGON, by and through THE OREGON STATE BOARD OF~~  )  **SUMMONS**
HIGHER EDUCATION, by and through PORTLAND STATE UNIVERSITY; and  )
ROY W. KOCH,                              )
                                    Defendant.  )

**RECEIVED**
JAN - 4 2008
From Koch
By _Legal_   AK
Receptionist Served
@ 2:30 - 3:00pm

To:    Roy W. Koch, Provost and Vice President for Academic Affairs
        Portland State University
        1721 SW Broadway, 349 Cramer Hall (CH), Phone (503) 725-5257
        Portland, OR 97201

     You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer". The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

_Glen McClendon,  OSB # 73346_
ATTORNEY/AUTHOR'S NAME (TYPED OR PRINTED) BAR. NO. (IF ANY)

TRIAL ATTORNEY IF OTHER THAN ABOVE(TYPED OR PRINTED) BAR NO.

STATE OF OREGON    )
                  )  ss.
County of Multnomah  )

    I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

ATTORNEY OF RECORD FOR PLAINTIFF(S)

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:  You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

ATTORNEY(S) FOR PLAINTIFF(S)

Glen McClendon
Lindsay, Hart, Neil & Weigler, LLP
1300 SW Fifth Avenue, Suite 3400
Portland, Oregon 97201
Telephone: (503) 226-7677

Exhibit A, Page 12 of 29
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

# PROOF OF SERVICE

STATE OF _____ )
                                              ) ss.
County of _____ )

I hereby certify that I made service of the foregoing summons upon the individuals and other legal entities to be served, named below, by delivering or leaving true copies of said summons and the complaint mentioned therein, certified to be such by the attorney for the plaintiff, as follows:

### Personal Service Upon Individual(s)

Upon _____, by delivering such true copy to him/her, personally and in person, at _____ on _____ 2008, at _____ o'clock __M.

Upon _____, by delivering such true copy to him/her, personally and in person, at _____ on _____ 2008, at _____ o'clock __M.

### Substituted Service Upon Individual(s)

Upon _____, by delivering such true copy at his/her dwelling house or usual place of abode, to-wit: _____ to
_____, who is a person over the age of 14 years and a member of the household of the person served on _____ 2008, at _____ o'clock __M.

Upon _____, by delivering such true copy at his/her dwelling house or usual place of abode, to-wit: _____ to
_____, who is a person over the age of 14 years and a member of the household of the person served on _____ 2008, at _____ o'clock __M.

### Office Service Upon Individual(s)**

Upon _____, at the office which he/she maintains for the conduct of business at _____, by
leaving such true copy with _____, the person who is apparently in charge, on _____ 2008, during normal working hours, at to-wit: _____ o'clock __M.

### Service on Corporations, Limited Partnerships or Unincorporated Associations Subject to Suit Under a Common Name

Upon _____, by (a) delivering such true copy, personally and in person, to _____
(NAME OF CORPORATION, LIMITED PARTNERSHIP, ETC.)
_____, who is at the * _____ thereof; OR (b) leaving such true copy with _____, the person who is apparently in charge of the office of
_____, who is at the * _____ thereof; at _____ on _____ 2008, at _____ o'clock __M.

*Specify registered agent, officer (by title), director, general partner, managing agent.

DATED _____, 2008.

_____
                    SHERIFF

_____
                    DEPUTY

I further certify that I am a competent person 18 years of age or older and a resident of the state of service or the State of Oregon, and that I am not a party to nor an officer, director, or employee of, nor attorney for any party, corporate or otherwise; that the person, firm or corporation served by me is the identical person, firm or corporation named in the action.

DATED _____

_____
                    SIGNATURE

_____
                    TYPE OR PRINT NAME

_____
                    ADDRESS

_____

Phone_____

The signature lines on the left should be used only by an Oregon county sheriff or deputy; all other servers complete certificate on the right.  The Proof of Service above contains most, but not all, of the methods of service.  For example, this form does not include proof of service on a minor or incompetent person.  See ORCP 7D(2) and 7D(3) for complete service methods on particular parties.
**Where substituted or office service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed a true copy of the summons and complaint to the defendant at the defendant's dwelling house or usual place of abode, together with a statement of the time, date and place at which such service was made.  Use S-N Form No. 1149 or equivalent.

Exhibit A, Page 13 of 29
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

**TRUE COPY**

DEC - 5 2007

1

2

3

4                         IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                              FOR THE COUNTY OF MULTNOMAH

6    DOUGLAS N. SAMUELS,                          Case No.  **0712-14381**

7                         Plaintiff,

8                    v.                           **COMPLAINT**
                                                 (Race Discrimination; Wrongful Discharge)
9    THE STATE OF OREGON, by and through
     THE OREGON STATE BOARD OF HIGHER            NOT SUBJECT TO MANDATORY
10   EDUCATION, by and through PORTLAND           ARBITRATION
     STATE UNIVERSITY; and ROY W. KOCH,
11
                         Defendants.
12

13                              **NATURE OF THE ACTION**

14          1.      This is an action under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §

15   1981 and Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42

16   U.S.C. § 2000e, to correct unlawful employment practices, to vindicate plaintiff's rights and the

17   rights of other employees to work in environments free from racial discrimination, and to make

18   plaintiff whole.

19          2.      Plaintiff's complaint includes causes of action under Oregon state discrimination

20   law, ORS 659A.030, and for common law wrongful discharge.

21                                        **PARTIES**

22          3.      Plaintiff Douglas Samuels is an individual residing in Clark County, Washington.

23   He is African-American.

24          4.      Defendant Portland State University (hereinafter, "PSU") is a state higher

25   educational institution. Its principal place of business is Portland, Oregon. At all material times,

26   defendant employed more than 500 employees.

Page 1 – COMPLAINT

LINDSAY, HART, NEIL & WEIGLER, LLP
1300 SW FIFTH AVENUE, SUITE 3400
PORTLAND, OREGON 97201-5640
PHONE: 503-226-7677 FAX: 503-226-7097

Exhibit A, Page 14 of 29
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

1     5.    At all times material herein, defendant State of Oregon, by' and through the State

2    Board of Higher Education, operated and controlled an institution of higher education known as

3    Portland State University (hereinafter, "State of Oregon" is referred to as "defendant PSU").

4     6.    Roy W. Koch was and is the Provost and Vice President of Academic Affairs at

5    Portland State University.

6               **ADMINISTRATIVE EXHAUSTION**

7     7.    Plaintiff filed an administrative complaint with the Oregon Bureau of Labor and

8    Industries, Civil Rights Division, which was transferred to the Equal Employment Opportunities

9    Commission, ("EEOC") in which he alleged racial discrimination.

10    8.    Plaintiff has timely satisfied all administrative prerequisites to the filing of the

11    statutory claims contained in this complaint.

12    9.    This complaint was filed before the expiration of 90 days after issuance of a Notice

13    Right to Sue letter by the appropriate administrative agency.

14               **GENERAL ALLEGATIONS**

15    10.    Plaintiff was offered a position as Vice Provost for Student Affairs at PSU on July

16    16, 2001, which was effective September 1, 2001.

17    11.    Plaintiff began working for defendant PSU on September 10, 2001.

18    12.    On October 8, 2005, defendant PSU terminated plaintiff's appointment as Vice

19    Provost for Student Affairs, by Roy W. Koch, Provost.

20    13.    Defendant offered plaintiff a lower paying position as a non-tenured associate

21    professor in the Black Studies department. Plaintiff accepted this position.

22    14.    Plaintiff was subjected to different terms and conditions of employment unlike white

23    employees.

24    15.    Plaintiff was discriminated against because of his race in retention and promotion.

25    16.    Plaintiff was subjected to unfair treatment regarding pay equity and faculty

26    appointment because of his race.

Page 2 - COMPLAINT

LINDSAY, HART, NEIL & WEIGLER, LLP
1300 SW FIFTH AVENUE, SUITE 3400
PORTLAND, OREGON 97201-5640
PHONE: 503-226-7677 FAX: 503-226-7697

Exhibit A, Page 15 of 29
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

1      17.    Plaintiff was subjected to internal investigation, and information was disseminated

2   regarding him in a fashion that was not done with similarly situated senior white employees.

3      18.    Defendant PSU historically presented an unwelcoming and discriminatory

4   environment as it relates to African-American faculty and staff who were and are woefully

5   unrepresented and underrepresented in positions of authority at Portland State University beneath

6   the President. Treatment of plaintiff was part of a pattern and practice of discrimination against

7   African-Americans at Portland State University.

8      19.    Prior to filing this complaint, defendant PSU had actual notice of the claims as

9   provided by ORS 30.275.

10     20.    As a result of defendant PSU's unlawful conduct, plaintiff has suffered economic

11   and non-economic damages, including emotional distress, depression, loss of self-esteem, loss of

12   enjoyment of life, and impairment of his earning capacity. These damages are continuing. Plaintiff

13   is entitled to recover payment of these damages in the amount of $500,000.

14     21.    As a further result of defendant PSU's actions, plaintiff is entitled to declaratory

15   judgment that defendant discriminated against him on the basis of his race and prospective relief

16   including, but not limited to, reinstatement.

17                          STATEMENT OF CLAIMS

18                                CLAIM ONE

19                   (42 U.S.C. § 1981 – Race Discrimination)

20     22.    Plaintiff re-alleges paragraphs 1 through 23.

21     23.    Plaintiff was employed by defendant PSU as Vice Provost for Student Affairs from

22   September 1, 2001 until October 8, 2005 when he was terminated from his position by Roy Koch,

23   Provost.

24     24.    Prior to his termination, plaintiff complained of discrimination, including race

25   discrimination, against defendant PSU.

26

Page 3 - COMPLAINT

LINDSAY, HART, NEIL & WEIGLER, LLP
1300 SW FIFTH AVENUE, SUITE 3400
PORTLAND, OREGON 97201-5640
PHONE: 503-226-7677 FAX: 503-226-7697

Exhibit A, Page 16 of 29
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

1      25.  Defendant PSU's actions toward plaintiff constituted discrimination on the basis of

2  race in the terms and conditions of plaintiff's employment in violation of 42 U.S.C. § 1981.

3      26.  Defendant PSU's termination of plaintiff's employment was due in substantial part

4  to plaintiff's race in violation of 42 U.S.C. § 1981.

5      27.  As a result of defendant PSU's conduct, plaintiff suffered lost wages and benefits of

6  employment.

7      28.  Reinstatement of plaintiff is feasible and plaintiff seeks his reinstatement as Vice

8  Provost of Student Affairs at Portland State University.

9      29.  Plaintiff is entitled to an award of attorney's fees, expert witness fees and costs

10  incurred herein, pursuant to one or more of the following: 42 U.S.C. § 1988.

11                            CLAIM TWO

12                  (42 U.S.C. § 2000 e – Race Discrimination)

13      30.  Plaintiff re-alleges paragraphs 1 through 31.

14      31.  Defendant PSU subjected plaintiff to discriminatory treatment on the basis of race

15  and terminated plaintiff's employment a Vice Provost in violation of Title VII of the Civil Rights

16  Act of 1964 and the Civil Rights Act of 1991, and plaintiff is entitled to all appropriate remedies.

17      32.  42 U.S.C. § 2000e-2(a) provides: "it shall be an unlawful employment practice for

18  an employers" to discharge an individual "or otherwise to discriminate against any individual with

19  respect to his compensation, terms, conditions, or privileges of employment because of such

20  individual's race, color, religion, sex, or national origin ..."

21      33.  During the course of plaintiff's employment with defendant PSU, plaintiff suffered

22  from discrimination based on his race.  Incidents of racial discrimination, committed by defendant

23  PSU, resulted in plaintiff being denied his position and adversely affected plaintiff's terms,

24  conditions, and privileges of his employment in violation of 42 U.S.C. § 2000e-2(a).

25      34.  As a result of defendant PSU's racial discrimination directed against plaintiff, he has

26  suffered economic damages in the form of lost wages, in an amount to be determined at trial, and

LINDSAY, HART, NEIL & WEIGLER, LLP
1300 SW FIFTH AVENUE, SUITE 3400
PORTLAND, OREGON 97201-5640
PHONE: 503-226-7677 FAX: 503-226-7697

Exhibit A, Page 17 of 29
Robinson v Multnomah Co. et al, USDC No
Notice of Removal to USDC

1    non-economic damages, in the form of pain and suffering, in the amount of $500,000.  Plaintiff

2    seeks recovery of all compensatory and punitive damages provided by law, in addition to reasonable

3    attorney's fees and costs pursuant to 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1988.

4                                              CLAIM THREE

5                          (Violation of ORS 659A.030 – Race Discrimination)

6          35.    . Plaintiff re-alleges paragraphs 1 through 36.

7          36.    According to ORS 659A.030(b), it is an unlawful employment practice "for an

8    employer, because of an individual's race, religion, color, sex, national origin, marital status or age

9    if the individual is 18 years of age or older ... to discriminate against such an individual in

10   compensation or in terms, conditions, or privileges of employment." Discrimination committed by

11   defendant, as alleged above, affected plaintiff's employment opportunities, compensation,

12   privileges, terms and conditions of his employment and is a direct violation of this statute.

13 ·       37.    Plaintiff suffered from discrimination based on his race.   Defendant PSU's

14   employees' discriminatory employment actions negatively affected plaintiff's compensation, terms,

15   privileges and conditions of employment in violation of ORS 659A.030(b). As a result of defendant

16   PSU's racial discrimination, plaintiff seeks his reinstatement of his position as Vice Provost of

17   Student Affairs at Portland State University, back pay, and all other damages provided by ORS

18   659A. 885.

19                                              CLAIM FOUR

20                                          (Wrongful Discharge)

21         38.    Plaintiff re-alleges paragraphs 1 through 39.

22         39.    Plaintiff's actions constituted resistance and opposition to defendant PSU's violation

23   of plaintiff's rights to be free from discrimination on the basis of race and his right to the payment of

24   appropriate compensation and employment, all constituting important statutory employment rights,

25   related to plaintiff's role as an employee.

26

Page 5 - COMPLAINT

LINDSAY, HART, NEIL & WEIGLER, LLP
1300 SW FIFTH AVENUE, SUITE 3400
PORTLAND, OREGON 97201-5640
PHONE: 503-226-7677 FAX: 503-226-7697

Exhibit A, Page 18 of 29
Robinson v Multnomah Co. et al, USDC No
Notice of Removal to USDC

40. A substantial motivating cause of defendant PSU's termination of plaintiff was his pursuit of rights of important societal interest indicated by constitutional and statutory provisions and case law, related to his role as an employee.

41. Plaintiff seeks economic, non-economic damages, and his reinstatement of his position as Vice Provost of Student Affairs at Portland State University.

## CLAIM FIVE

### (42 U.S.C. § 1983)

42. Plaintiff re-alleges paragraphs 1 through 43.

43. Defendant PSU violated plaintiff's right to equal protection as guaranteed by the Fourteenth Amendment to the Constitution of the United States by discriminating against him in the terms, condition and privileges of his employment, including terminating his employment as a Vice Provost in substantial part because of his race.

44. As a result of defendant PSU's Constitutional violations, plaintiff is entitled to the remedies and relief provided by 42 U.S.C. § 1983. This includes damages for lost wages and benefits, front pay in an amount to be determined at trial, and further, plaintiff is entitled to non-economic damages for emotional distress and impairment of his earning capacity.

45. Reinstatement of plaintiff is feasible and plaintiff seeks his reinstatement as Vice Provost of Student Affairs at Portland State University.

46. Plaintiff is entitled to declaratory judgment that defendant PSU violated his Constitutional rights to equal protection.

47. As a further result of defendant PSU's actions, plaintiff is entitled to recover his reasonable attorney's fees and costs incurred herein.

///
///
///
///

LINDSAY, HART, NEIL & WEIGLER, LLP
1300 SW FIFTH AVENUE, SUITE 3400
PORTLAND, OREGON 97201-5640
PHONE: 503-226-7677 FAX: 503-226-7697

Exhibit A, Page 19 of 29
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the court to:

1.  Declare defendants in violation of the statutory provisions under which plaintiff brings his action and grant a permanent injunction enjoining defendant PSU from engaging in any discriminatory employment practice, on such terms as the court may direct.

2.  Order defendants to make plaintiff whole by compensating him for past and future lost earnings and benefits of employment, lost earning capacity, and his reinstatement of his position as Vice Provost of Student Affairs at Portland State University

3.  Order defendants to pay plaintiff an award of compensatory damages for non-pecuniary losses, including physical and emotional injury, pain and suffering, mental anguish, humiliation, and embarrassment, and loss of enjoyment of life as available on each of plaintiff's claims for relief.

4.  Order defendants to pay plaintiff liquidated damages and punitive damages as available on each of plaintiff's claims for relief.

5.  Award plaintiff his costs of suit and his reasonable attorney's fees, costs and expert witness fees pursuant to 42 U.S.C. § 1988; 42 U.S.C. § 20003-5(k); ORS 659A.885; and ORS 20.107 as available on each of plaintiff's claims for relief.

6.  Order defendants to pay prejudgment and post-judgment interest, as appropriate, on all amounts due to plaintiff as a result of this action.

7.  Order such further or alternative relief in favor of plaintiff as the court deems appropriate.

///

///

///

///

Page 7 - COMPLAINT

LINDSAY, HART, NEIL & WEIGLER, LLP
1300 SW FIFTH AVENUE, SUITE 3400
PORTLAND, OREGON 97201-5640
PHONE: 503-226-7677 FAX: 503-226-7697

Exhibit A, Page 20 of 29
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

1                          JURY TRIAL DEMAND

2              Plaintiff demands a jury trial.

3
        Dated this _____ day of December, 2007.
4

5

6                              LINDSAY, HART, NEIL & WEIGLER, LLP

7
                          By:
8                              Glen McClendon, OSB No. 733460
                               gmcclendon@lindsayhart.com
9                              Edward T. Tylicki, OSB No. 974161
                               etylicki@lindsayhart.com
10
                          Attorneys for Plaintiff Douglas N. Samuels
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 8 - COMPLAINT
                                      LINDSAY, HART, NEIL & WEIGLER, LLP
                                      1300 SW FIFTH AVENUE, SUITE 3400
                                      PORTLAND, OREGON 97201-5640
                                      PHONE: 503-226-7677 FAX: 503-226-7697

Exhibit A, Page 21 of 29
Robinson v Multnomah Co. et al, USDC No
Notice of Removal to USDC

Multnomah Circuit Court

Multnomah County Circuit Court
P.O. Box 114
Portland, OR 97207

Receipt # 004900965   12/05/07   3:56   CHKO   LER   MULWB17

Case #   071214381   Samuels Douglas N/Oregon State Of

Civil Filing-Suit Etf           189.00


AMOUNT TENDERED              189.00
AMOUNT APPLIED              189.00     BALANCE DUE                    0.00
CHANGE                       0.00
PAYOR SAMUELS DOUGLAS N                       Receipt # 004900965

Exhibit A, Page 22 of 29
Robinson v Multnomah Co. et al, USDC
Notice of Removal to USDC No ____

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| IRVING ROBINSON, | Case No. **0712-15758** |
| Plaintiff, | SUMMONS |
| v. | |
| MULTNOMAH COUNTY and STATE OF OREGON, | |
| Defendants. | |

TO:     STATE OF OREGON, DEFENDANT, C/O DEPARTMENT OF JUSTICE, 1515 SW 5TH AVENUE, SUITE 410, PORTLAND, OREGON

*You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.*

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney, or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY FOR PLAINTIFF

Kevin E. Lucey, OSB #92379
1412 American Bank Building
621 SW Morrison St.
Portland, Oregon 97205
Tel:   503/ 222-7178

STATE OF OREGON, County of Multnomah) ss.

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

_____
ATTORNEY OF RECORD FOR PLAINTIFF

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

_____
ATTORNEY OF RECORD FOR PLAINTIFF

Exhibit A, Page 23 of 29
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

1
2
3
4          IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                FOR THE COUNTY OF MULTNOMAH

6   IRVING ROBINSON,                    Case No. **0712-15758**

7           Plaintiff,                  COMPLAINT

8             v.
                                        (Negligence; False Imprisonment)
9
    MULTNOMAH COUNTY and STATE OF       (Claim for more than $10,000; Not subject to
10  OREGON,                                mandatory arbitration)

11          Defendants.

12

13      Plaintiff alleges:

14              FACTS COMMON TO ALL CLAIMS FOR RELIEF

15                              1.

16      Plaintiff is a former inmate who was in the custody of Multnomah County.  Plaintiff

17  brings his Oregon common law claims pursuant to the Oregon Tort Claims Act, ORS 30.260 *et*

18  *seq*.  Plaintiff has complied with the Oregon Tort Claims Act by notifying defendants of his

19  intent to sue within 180 days of plaintiff's loss alleged herein.

20                              2.

21      Defendant Multnomah County is a duly organized county under Oregon law, ORS

22  Chapters 201-215, and is a public body liable for the tortious conduct of its agents and

23  employees pursuant to ORS 30.260(4) and 30.265(1).  All employees of Multnomah County

24  herein were acting within the course and scope of their employment at all times material to this

25  Complaint.  Multnomah County is responsible for the torts of its employees.

Pg 1   COMPLAINT

Kevin E. Lucey, #92379
1412 American Bank Bldg.
621 SW Morrison St.
Portland, Oregon 97205
Tele: 503-222-7178
Fax:  503-273-8842
klucey22@yahoo.com

Exhibit A, Page 24 of 29
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

3.

Multnomah County Courthouse employees and Multnomah County District Attorney's office employees are employees of the State of Oregon. At all times material to this Complaint, all State employees herein were acting in the course and scope of their employment. The State of Oregon is responsible for the torts of its employees.

4.

On or about September 21, 2006, Portland Police arrested plaintiff on criminal charges in Multnomah County Case No. 0609-52029. Plaintiff was jailed and was not released pending trial.

5.

Oregon Revised Statute 136.290 provides that, "a defendant shall not remain in custody pending commencement of the trial of the defendant more than 60 days after the time of arrest unless the trial is continued with the express consent of the defendant." Absent the consent of the defendant or certain exceptions to the rule that are not applicable here, the statute provides that after 60 days has expired, "the court shall release the defendant."

6.

Plaintiff did not waive his right to be tried within 60-days of his arrest. That 60-day period ended November 20, 2006. However, plaintiff was not released on that date.

7.

About three weeks later, on December 8, 2006, a Multnomah County Circuit Court Judge ordered plaintiff's immediate release. By reason and belief, either the judge's staff did not provide the County with a copy of this Order or a County jail employee did not correctly record this Order and its receipt. In either case, again the jail did not release plaintiff upon the Court's order.

Pg 2    COMPLAINT

Kevin E. Lucey, #92379
1412 American Bank Bldg.
621 SW Morrison St.
Portland, Oregon 97205
Tele: 503-222-7178
Fax: 503-273-8842
klucey22@yahoo.com

Exhibit A, Page 25 of 29
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

On or about February 27, 2007, plaintiff was convicted by a jury on his criminal charge and sentenced to ten days jail with credit for time served.

9.

The Multnomah County jail released plaintiff on February 27, 2007. As of that date, plaintiff had been held 108 days past November 20, 2006, when he first should have been released. Accounting for his 10 day sentence, plaintiff was held 98 days illegally.

10.

As a result of being held in jail illegally for up to 98 days, plaintiff suffered confinement and concomitant emotional distress to his noneconomic damage of $100,000. As a further result, plaintiff lost wages to his economic damage of approximately $6,000.

FIRST CLAIM FOR RELIEF – NEGLIGENCE – Count One
(Against Multnomah County Only)

11.

Multnomah County and its employees had a duty to use reasonable care to comply with Oregon law. Defendant breached this duty by not releasing plaintiff on November 20, 2006. This negligence caused plaintiff to incur the damages alleged in paragraph 10, above, and said damages were foreseeable.

FIRST CLAIM FOR RELIEF - NEGLIGENCE - Count Two
(Against Multnomah County Only)

12.

Multnomah County and its employees had a duty to use reasonable care to comply with the court order issued on December 8, 2006, to immediately release plaintiff. Defendant breached this duty by failing to release plaintiff on December 8, 2006. This negligence caused

Pg 3   COMPLAINT

Kevin E. Lucey, #92379
1412 American Bank Bldg.
621 SW Morrison St.
Portland, Oregon 97205
Tele: 503-222-7178
Fax: 503-273-8842
klucey22@yahoo.com

Exhibit A, Page 26 of 29
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

1  plaintiff to be held approximately 72 days too many, and caused plaintiff to incur the damages

2  alleged in paragraph 10, above, and said damages were foreseeable.

3

FIRST CLAIM FOR RELIEF – NEGLIGENCE – COUNT THREE
4  (Against State of Oregon Only)

5  13.

6  State of Oregon and its employees had a duty to use reasonable care to comply with

7  Oregon law. Defendant breached this duty by not effectuating plaintiff's release on November

8  20, 2006. This negligence caused plaintiff to incur the damages alleged in paragraph 10, above,

9  and said damages were foreseeable.

10

FIRST CLAIM FOR RELIEF - NEGLIGENCE - COUNT FOUR
11  (Against State of Oregon Only)

12  14.

13  State of Oregon and its employees had a duty to use reasonable care to provide the

14  Multnomah County jail with a copy of the judge's order issued on December 8, 2006. By

15  reason and belief, a member of the judge's staff breached this duty by failing to provide

16  Multnomah County with a copy of the order on December 8, 2006. This negligence caused

17  plaintiff to be held approximately 72 days too many, caused plaintiff to incur the damages

18  alleged in paragraph 10, above, and said damages were foreseeable.

19

20

SECOND CLAIM FOR RELIEF – FALSE IMPRISONMENT – COUNT ONE
21  (Against Multnomah County Only)

22  15.

23  Multnomah County intentionally and unlawfully caused plaintiff's confinement on

24  November 20, 2006. Plaintiff was aware of the confinement. As a result of this false

25  imprisonment, plaintiff suffered the damages alleged in paragraph 10, above.

Pg 4  COMPLAINT

Kevin E. Lucey, #92379
1412 American Bank Bldg.
621 SW Morrison St.
Portland, Oregon 97205
Tele: 503-222-7178
Fax: 503-273-8842
klucey22@yahoo.com

Exhibit A, Page 27 of 29
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

1    SECOND CLAIM FOR RELIEF - FALSE IMPRISONMENT - COUNT TWO
                   (Against Multnomah County Only)
2
                                16.
3
       Multnomah County intentionally and unlawfully caused plaintiff's confinement on
4
   December 8, 2006. Plaintiff was aware of the confinement. As a result of this false
5
   imprisonment, plaintiff was held illegally for 72 days and suffered the damages alleged in
6
   paragraph 10, above.
7
8    SECOND CLAIM FOR RELIEF – FALSE IMPRISONMENT – COUNT THREE
                   (Against State of Oregon Only)
9
                                17.
10
       The State of Oregon intentionally and unlawfully caused plaintiff's confinement on
11
   November 20, 2006. Plaintiff was aware of the confinement. As a result of this false
12
   imprisonment, plaintiff suffered the damages alleged in paragraph 10, above.
13

14   SECOND CLAIM FOR RELIEF - FALSE IMPRISONMENT - COUNT FOUR
                   (Against State of Oregon Only)
15
                                18.
16
       The State of Oregon intentionally and unlawfully caused plaintiff's confinement on
17
   December 8, 2006. Plaintiff was aware of the confinement. As a result of this false
18
   imprisonment, plaintiff was held illegally for 72 days and suffered the damages alleged in
19
   paragraph 10, above.
20

21

22

23

24

25

Pg 5   COMPLAINT

Kevin E. Lucey, #92379
1412 American Bank Bldg.
621 SW Morrison St.
Portland, Oregon 97205
Tele: 503-222-7178
Fax: 503-273-8842
klucey22@yahoo.com

Exhibit A, Page 28 of 29
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

1    WHEREFORE, on plaintiff's first claim counts 1 and 2 and second claim counts 1 and 2,

2    plaintiff prays for a judgment against Multnomah County for $100,000 noneconomic damages,

3    $6,000 economic damages and for his costs and disbursements incurred herein.

4        On plaintiff's first claim counts 3 and 4 and second claim counts 3 and 4, plaintiff prays

5    for a judgment against the State of Oregon for $100,000 noneconomic damages, $6,000

6    economic damages and for his costs and disbursements incurred herein.

7

8

9

10       DATED this 26 day of December, 2007.

11

12                    By: _____

13                         Kevin E. Lucey, OSB #92379
                           Attorney for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

Pg 6   COMPLAINT

Kevin E. Lucey, #92379
1412 American Bank Bldg.
621 SW Morrison St.
Portland, Oregon 97205
Tele: 503-222-7178
Fax: 503-273-8842
klucey22@yahoo.com

Exhibit A, Page 29 of 29
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC