IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| IRVING ROBINSON,<br><br>        Plaintiff,<br>        v.<br>MULTNOMAH COUNTY, STATE OF OREGON, JOHN DOE 1, JOHN DOE 2, and ROBERT SOKOL,<br>        Defendants. | Case No.<br><br>SUMMONS |

TO: Robert L. Sokol, c/o Office of Judge Youlee You, Oregon Judicial Department, 4th Judicial District 1021 SW 4th Avenue, Portland, OR 97204

*You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.*

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney, or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

SIGNATURE OF ATTORNEY FOR PLAINTIFF

Kevin E. Lucey, OSB #92379
1412 American Bank Building
621 SW Morrison St.
Portland, Oregon 97205
Tel: 503/222-7178

STATE OF OREGON, County of Multnomah ) ss.

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

ATTORNEY OF RECORD FOR PLAINTIFF(S)

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

ATTORNEY OF RECORD FOR PLAINTIFF(S)

Exhibit B, Page 1 of 11
Robinson v Multnomah Co. et al, USDC No \_\_\_\_\_
Notice of Removal to USDC

I CERTIFY THAT THIS IS A
TRUE COPY OF THE ORIGINAL

K Lucey
ATTORNEY FOR Π



RECEIVED
JUN 17 2008
DEPARTMENT OF JUSTICE
TRIAL DIVISION

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| IRVING ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>MULTNOMAH COUNTY, STATE OF OREGON, JOHN DOE 1, JOHN DOE 2, and ROBERT SOKOL,<br><br>Defendants. | Case No. 0712-15758<br><br>FIRST AMENDED COMPLAINT<br><br>(Negligence; False Imprisonment; 42 USC § 1983)<br><br>(Claim for more than $10,000; not subject to mandatory arbitration) |

Plaintiff alleges:

FACTS COMMON TO ALL CLAIMS FOR RELIEF

1.

Plaintiff is a former inmate who was in the custody of Multnomah County. Plaintiff brings his Oregon common law claims pursuant to the Oregon Tort Claims Act, ORS 30.260 *et seq*. Plaintiff has complied with the Oregon Tort Claims Act by notifying defendants of his intent to sue within 180 days of plaintiff's loss alleged herein.

2.

Defendant Multnomah County is a duly organized county under Oregon law, ORS Chapters 201-215, and is a public body liable for the tortious conduct of its agents and employees pursuant to ORS 30.260(4) and 30.265(1). Multnomah County jail employees are employees of defendant Multnomah County. John Doe 1 is an unidentified Multnomah County jail records department employee who failed to properly record the judge's order referenced in

Pg 1   FIRST AMENDED COMPLAINT

Kevin E. Lucey, #92379
1412 American Bank Bldg.
621 SW Morrison St.
Portland, Oregon 97205
Tele: 503-222-7178
Fax: 503-273-8842
klucey22@yahoo.com

Exhibit B, Page 2 of 11
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC


paragraph 7. John Doe 2 is an unidentified Multnomah County jail employee with the authority to release and responsibility for releasing Multnomah County jail inmates. All employees of Multnomah County herein were acting within the course and scope of their employment at all times material to this Complaint. Multnomah County is responsible for the torts of its employees.

3.

At all material times, defendant Robert Sokol was a State of Oregon employee working as a Criminal Procedures Court clerk and was in the courtroom of the judge referenced in paragraph 7 on or about December 8, 2006. All State employees herein were acting in the course and scope of their employment at all times material to this Complaint. The State of Oregon is responsible for the torts of its employees. The "court" as that term is used in ORS 136.260 and more specifically as applied to this case, refers the Multnomah County Circuit Court, which is a State of Oregon entity.

4.

On or about September 21, 2006, Portland Police arrested plaintiff on criminal charges in Multnomah County Case No. 0609-52029. Plaintiff was jailed and was not released pending trial.

5.

Oregon Revised Statute 136.290 provides that, "a defendant shall not remain in custody pending commencement of the trial of the defendant more than 60 days after the time of arrest unless the trial is continued with the express consent of the defendant." Absent the consent of the defendant or certain exceptions to the rule that are not applicable here, the statute provides that after 60 days has expired, "the court shall release the defendant."

Pg 2   FIRST AMENDED COMPLAINT

Kevin E. Lucey, #92379
1412 American Bank Bldg.
621 SW Morrison St.
Portland, Oregon 97205
Tele: 503-222-7178
Fax: 503-273-8842
klucey22@yahoo.com

Exhibit B, Page 3 of 11
Robinson v Multnomah Co. et al, USDC No ___
Notice of Removal to USDC

6.

Plaintiff did not waive his right to be tried within 60-days of his arrest. That 60-day period ended on or about November 20, 2006, and plaintiff was entitled to be released at that time. However, Multnomah County jail did not release plaintiff on or about that date, nor did any State employee effectuate his release on or about that date.

7.

About three weeks later, on December 8, 2006, a Multnomah County Circuit Court judge ordered plaintiff's immediate release. By reason and belief, it was defendant Robert Sokol's duty to provide the county jail with a copy of this Order. Defendant Sokol failed to properly do this. In the alternative, defendant Sokol transmitted the order the jail via facsimile or interoffice mail, and John Doe 1 did not properly process the Order and/or John Doe 2 did not properly execute the Order. In either case, again the jail did not release plaintiff either immediately or shortly after the judge's Order. There were no other holds on plaintiff preventing his release.

8.

On or about February 27, 2007, a jury convicted plaintiff and the court sentenced him to ten days jail with credit for time served on Multnomah County Case No. 0609-52029.

9.

The Multnomah County jail released plaintiff on February 27, 2007.

10.

As a result of being held in jail illegally for 90 days, plaintiff suffered confinement and concomitant emotional distress to his noneconomic damage of $100,000. As a further result, plaintiff lost wages to his economic damage of approximately $2,000.

Pg 3   FIRST AMENDED COMPLAINT

Kevin E. Lucey, #92379
1412 American Bank Bldg.
621 SW Morrison St.
Portland, Oregon 97205
Tele: 503-222-7178
Fax: 503-273-8842
klucey22@yahoo.com

Exhibit B, Page 4 of 11
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

11.

On all claims under 42 USC §1983, all Multnomah County employees and all State of Oregon employees herein were acting under color of law and plaintiff is entitled to his reasonable attorney fees incurred herein pursuant to 42 USC §1988.

FIRST CLAIM FOR RELIEF – NEGLIGENCE – Count One
(Against Multnomah County Only)

12.

Multnomah County and its employees had a duty to use reasonable care to comply with Oregon law. Defendant breached this duty by not releasing plaintiff on November 20, 2006. This negligence caused plaintiff to incur the damages alleged in paragraph 10, above, and said damages were foreseeable.

FIRST CLAIM FOR RELIEF - NEGLIGENCE - Count Two
(Against Multnomah County Only)

13.

Multnomah County and its employees had a duty to use reasonable care to comply with the court order issued on December 8, 2006, to immediately release plaintiff. Defendant breached this duty by failing to release plaintiff on or about December 8, 2006. This negligence caused plaintiff to be held approximately 72 days too many, and caused plaintiff to incur the damages alleged in paragraph 10, above, and said damages were foreseeable.

FIRST CLAIM FOR RELIEF – NEGLIGENCE- Count Three
(Against State of Oregon Only)

14.

State of Oregon and its employees had a duty to use reasonable care to comply with Oregon law. Defendant breached this duty by not effectuating plaintiff's release on November

Pg 4    FIRST AMENDED COMPLAINT

Kevin E. Lucey, #92379
1412 American Bank Bldg.
621 SW Morrison St.
Portland, Oregon 97205
Tele: 503-222-7178
Fax: 503-273-8842
klucey22@yahoo.com

Exhibit B, Page 5 of 11
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

20, 2006. This negligence caused plaintiff to incur the damages alleged in paragraph 10, above, and said damages were foreseeable.

FIRST CLAIM FOR RELIEF - NEGLIGENCE- Count Four
(Against State of Oregon Only)

15.

State of Oregon and its employees had a duty to use reasonable care to provide the Multnomah County jail with a copy of the judge's order issued on December 8, 2006. By reason and belief, a member of the judge's staff breached this duty by failing to provide Multnomah County with a copy of the order on December 8, 2006. This negligence caused plaintiff to be held approximately 72 days too many, caused plaintiff to incur the damages alleged in paragraph 10, above, and said damages were foreseeable.

SECOND CLAIM FOR RELIEF – FALSE IMPRISONMENT – Count One
(Against Multnomah County Only)

16.

Multnomah County intentionally and unlawfully caused plaintiff's confinement on November 20, 2006. Plaintiff was aware of the confinement. As a result of this false imprisonment, plaintiff suffered the damages alleged in paragraph 10, above.

SECOND CLAIM FOR RELIEF - FALSE IMPRISONMENT – Count Two
(Against Multnomah County Only)

17.

Multnomah County intentionally and unlawfully caused plaintiff's confinement on December 8, 2006. Plaintiff was aware of the confinement. As a result of this false imprisonment, plaintiff was held illegally for 72 days and suffered the damages alleged in paragraph 10, above.

Pg 5  FIRST AMENDED COMPLAINT

Kevin E. Lucey, #92379
1412 American Bank Bldg.
621 SW Morrison St.
Portland, Oregon 97205
Tele: 503-222-7178
Fax: 503-273-8842
klucey22@yahoo.com

Exhibit B, Page 6 of 11
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

SECOND CLAIM FOR RELIEF – FALSE IMPRISONMENT – Count Three
(Against State of Oregon Only)

18.

The State of Oregon intentionally and unlawfully caused plaintiff's confinement on November 20, 2006. Plaintiff was aware of the confinement. As a result of this false imprisonment, plaintiff suffered the damages alleged in paragraph 10, above.

SECOND CLAIM FOR RELIEF - FALSE IMPRISONMENT – Count Four
(Against State of Oregon Only)

19.

The State of Oregon intentionally and unlawfully caused plaintiff's confinement on December 8, 2006. Plaintiff was aware of the confinement. As a result of this false imprisonment, plaintiff was held illegally for 72 days and suffered the damages alleged in paragraph 10, above.

THIRD CLAIM FOR RELIEF – 42 USC §1983 – Count One
(Against Multnomah County employee John Doe 2 Only)

20.

John Doe 2, by failing to release Mr. Robinson on November 20, 2006, deprived plaintiff of liberty in violation of the due process clause of the 5th and 14th Amendments to the US Constitution. As a result of this violation of plaintiff's constitutional rights, plaintiff suffered the damages alleged in paragraph 10 above.

THIRD CLAIM FOR RELIEF – 42 USC §1983 – Count Two
(Against Multnomah County employee John Doe 2 Only)

21.

John Doe 2, by failing to comply with the judge's Order of December 8, 2006, to immediately release plaintiff and deprived plaintiff of liberty in violation of the due process

Pg 6   FIRST AMENDED COMPLAINT

Kevin E. Lucey, #92379
1412 American Bank Bldg.
621 SW Morrison St.
Portland, Oregon 97205
Tele: 503-222-7178
Fax: 503-273-8842
klucey22@yahoo.com

Exhibit B, Page 7 of 11
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

1  clause of the 5th and 14th Amendments to the US Constitution. As a result of this violation of
2  plaintiff's constitutional rights, plaintiff suffered the damages alleged in paragraph 10 above.

THIRD CLAIM FOR RELIEF – 42 USC §1983 – Count Three
(Against Multnomah County employee John Doe 1 Only)

22.

John Doe 1, by failing to record the judge's Order of December 8, 2006, to immediately release plaintiff thereby deprived plaintiff of liberty in violation of the due process clause of the 5th and 14th Amendments to the US Constitution. As a result of this violation of plaintiff's constitutional rights, plaintiff suffered the damages alleged in paragraph 10 above.

THIRD CLAIM FOR RELIEF – 42 USC §1983 – Count Four
(Against Defendant Robert Sokol Only)

23.

Defendant Sokol, by failing to properly convey or transmit to Multnomah County jail, the judge's Order of December 8, 2006, to immediately release Mr. Robinson deprived plaintiff of liberty in violation of the due process clause of the 5th and 14th Amendments to the US Constitution. As a result of this violation of plaintiff's constitutional rights, plaintiff suffered the damages alleged in paragraph 10 above.

THIRD CLAIM FOR RELIEF – 42 USC §1983 – Count Four
(Against Defendant State of Oregon Only)

24.

The State of Oregon has a policy or practice of not monitoring the length of county inmates' pretrial confinement so as to comply with the mandate found in ORS 136.260 for the "court" to release county inmates eligible for release 60-days after their arrest. This policy or practice caused plaintiff not to be released on or about November 20, 2006, and deprived

Pg 7   FIRST AMENDED COMPLAINT

Kevin E. Lucey, #92379
1412 American Bank Bldg.
621 SW Morrison St.
Portland, Oregon 97205
Tele: 503-222-7178
Fax: 503-273-8842
klucey22@yahoo.com

Exhibit B, Page 8 of 11
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

1 plaintiff of 90-days' liberty in violation of the due process clause of the 5th and 14th Amendments
2 to the US Constitution. As a result of this violation of plaintiff's constitutional rights, plaintiff
3 suffered the damages alleged in paragraph 10 above.

5 WHEREFORE, on plaintiff's first claim counts 1 and 2 and second claim counts 1 and 2,
6 plaintiff prays for a judgment against Multnomah County for $100,000 noneconomic damages,
7 $2,000 economic damages and for his costs and disbursements incurred herein.

8 On plaintiff's first claim counts 3 and 4 and second claim counts 3 and 4, plaintiff prays
9 for a judgment against the State of Oregon for $100,000 noneconomic damages, $2,000
10 economic damages and for his costs and disbursements incurred herein.

11 On plaintiff's third claim count 1, plaintiff prays for a judgment against John Doe 2 for
12 $100,000 noneconomic damages, $2,000 economic damages and for his costs, disbursements and
13 attorney fees necessarily incurred.

14 On plaintiff's third claim count 2, plaintiff prays for a judgment against John Doe 2 for
15 $100,000 noneconomic damages, $2,000 economic damages and for his costs, disbursements and
16 attorney fees necessarily incurred.

17 On plaintiff's third claim count 3, plaintiff prays for a judgment against John Doe 1 for
18 $100,000 noneconomic damages, $2,000 economic damages and for his costs, disbursements and
19 attorney fees necessarily incurred.

20 On plaintiff's third claim count 4, plaintiff prays for a judgment against Robert Sokol for
21 $100,000 noneconomic damages, $2,000 economic damages and for his costs, disbursements and
22 attorney fees necessarily incurred.

23 On plaintiff's third claim count 5, plaintiff prays for a judgment against the State of
24 Oregon for $100,000 noneconomic damages, $2,000 economic damages and for his costs,
25 disbursements and attorney fees necessarily incurred.

Pg 8   FIRST AMENDED COMPLAINT

Kevin E. Lucey, #92379
1412 American Bank Bldg.
621 SW Morrison St.
Portland, Oregon 97205
Tele: 503-222-7178
Fax: 503-273-8842
klucey22@yahoo.com

Exhibit B, Page 9 of 11
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

DATED this 13 day of June, 2008.

By: ___KE Lucey___
Kevin E. Lucey, OSB #92379
Attorney for Plaintiff

Pg 9  FIRST AMENDED COMPLAINT

Kevin E. Lucey, #92379
1412 American Bank Bldg.
621 SW Morrison St.
Portland, Oregon 97205
Tele: 503-222-7178
Fax: 503-273-8842
klucey22@yahoo.com

Exhibit B, Page 10 of 11
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC

CERTIFICATE OF SERVICE

I certify that I served a true copy of PLAINTIFF'S FIRST AMENDED COMPPLAINT, by mailing a true copy thereof on the date below, contained in a sealed envelope, postage pre-paid, addressed to the following:

Stephen L. Madkour
Assistant County Attorney
501 SE Hawthorne Blvd., Suite 500
Portland, Oregon 97214

Benjamin J. Miller
Assistant Attorney General
State of Oregon Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096

DATED this 13 day of June 2008.

_____
Kevin E. Lucey, OSB #92379
Attorney for Plaintiff

Pg 10   FIRST AMENDED COMPLAINT

Kevin E. Lucey, #92379
1412 American Bank Bldg.
621 SW Morrison St.
Portland, Oregon 97205
Tele: 503-222-7178
Fax: 503-273-8842
klucey22@yahoo.com

Exhibit B, Page 11 of 11
Robinson v Multnomah Co. et al, USDC No _____
Notice of Removal to USDC